UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CRIMINAL ACTION NO. 5:08-CR-210-KSF

UNITED STATES OF AMERICA                                                                       PLAINTIFF

vs.                              **OPINION AND ORDER**

RAYMOND EARL LEARY                                                    DEFENDANT

\* \* \* \* \* \* \* \*

This matter is before the Court pursuant to the decision of the Sixth Circuit Court of Appeals affirming Mr. Leary's convictions on Courts 1, 3, 4 and 5 of his indictment and reversing his conviction on Count 2. *United States v. Leary*, No. 09-5418, 2011 WL 1810624 (6th Cir. 5/12/2011). The Sixth Circuit held there was insufficient evidence that Leary possessed the firearms "in furtherance of a drug trafficking crime" as charged in Court 2 and remanded the case for further proceedings in accordance with its opinion. *Id.* at \*8, \*11.

In *United States v. Hunter*, ___ F.3d ___, No. 09-4085, 2011 WL 2020709 (6th Cir. 5/25/2011), the court noted that it "may order limited or general remands." *Id.* at \*1. "A limited remand must explicitly outline the issues to be addressed by the district court and create a narrow framework within which the district court must operate." *Id.* (quoting *United States v. Obi*, 542 F.3d 148, 154 (6th Cir. 2008)). "General remands, in contrast, give district courts authority to address all matters as long as remaining consistent with the remand." *Id.* With a general remand, "the defendant is entitled to a resentencing hearing where he may exercise the right to be present and allocute as provided by Rules 32 and 43 of the Federal Rules of Criminal Procedure." *Id.* at \*2 (quoting *United States v. Garcia-Robles,* 640 F.3d 159, 164 (6th Cir. 2011)). However, when a defendant's other convictions are affirmed, a remand order reversing one conviction for insufficient evidence and remanding "for further proceedings in accordance with this opinion" is a limited one.

In *Hunter*, the defendant was convicted of possession with the intent to distribute cocaine and conspiracy to distribute 5 kilograms or more of cocaine; possession of a firearm in furtherance of a drug crime; and being a felon in possession of a firearm. *Id.* at *1. He was sentenced to thirty years on the drug counts and felon in possession count and a mandatory consecutive sentence of five years on the § 924(c) count for possession of a firearm in furtherance of a drug crime. On appeal, the conviction under § 924(c) was reversed, but all other convictions were affirmed. On remand, the United States agreed not to pursue the § 924(c) charge. The district court vacated the sentence for that count, but did not allow Hunter to appear or reallocute. On the second appeal, the Sixth Circuit said "because our initial opinion limited the district court to considering only Hunter's section 924(c) charge, which the United States declined to pursue, there was no sentencing to be done." *Id.* "[B]y affirming Hunter's other convictions and sentences, our earlier opinion specifically limited the scope of the remand to Hunter's section 924(c) charge and the separate sentence he received on that count." *Id.* at *2. Accordingly, the district court's decision not to have a plenary hearing was affirmed.

Likewise, by affirming Leary's other convictions, the Sixth Circuit's opinion in this case specifically limited the scope of the remand to Leary's § 924(c) charge and the separate sentence he received on that count. Leary seeks to distinguish his case from *Hunter* by noting that the Sixth Circuit did not specifically say in Leary's opinion that it was affirming the "sentences" on Counts 1, 3, 4, and 5, but only said it was affirming the "convictions" on those counts. [DE 64]. It is the opinion of the Court this is a distinction without a difference under the circumstances. The Sixth Circuit certainly did not say it was "reversing" those sentences. It is the opinion of this Court that *Hunter* is controlling and there is no resentencing to be done.

The original judgment reflects a sentence of 100 months on Counts 1, 3, 4, and 5, all to run concurrently, and 60 months on Count 2, to be served consecutively, for a total of 160 months. [DE

42]. Because the Sixth Circuit held there was insufficient evidence to support the conviction on Count 2, Count 2 and its accompanying sentence of 60 months must be vacated.

**IT IS ORDERED** that Raymond Leary's conviction under Count 2 of the indictment for possession of firearms "in furtherance of a drug trafficking crime" and his consecutive sentence of 60 months on that Count are **HEREBY VACATED**. An Amended Judgment in conformity with this Opinion and Order shall be entered contemporaneously herewith.

This June 29, 2011.



Signed By:
*Karl S. Forester*   KSF
United States Senior Judge